UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JEFFERSON PILOT FINANCIAL
INSURANCE COMPANY,

    Plaintiff,                  CASE NO. 07-CV-12059

*v.*                                DISTRICT JUDGE THOMAS LUDINGTON
                                   MAGISTRATE JUDGE CHARLES BINDER
EMMA S. ANDERSON,
SHANNON M. ANDERSON,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the Court enter a judgment in favor of Defendant Emma S. Anderson and order that the funds on deposit with the Court be paid out to her.

### II. REPORT

#### A. Introduction & Background Facts

This interpleader action was filed by Jefferson Pilot Financial Insurance Company ("Jefferson Pilot") on May 11, 2007. Jefferson Pilot placed $20,579.74 on deposit with the Court; this amount consists of the remaining proceeds from a life insurance policy on the life of Scottie V. Wolfe.

Ms. Wolfe worked as a bus driver for Saginaw Transit Service in Saginaw, Michigan, and in April 1998 she completed a group insurance enrollment form, naming her daughter Emma Anderson as the sole beneficiary. (*See* Compl., Dkt. 1 at Ex. 1.) Wolfe died in January 2007 and was survived by eight adult children.

Following Wolfe's death, each of the eight children signed a form assigning $8,070.26 of the policy proceeds to the funeral home and $1,350.00 to the cemetery to cover the expenses associated with their mother's funeral and burial. (*Id.* at Exs. 2-7.) In the months following the funeral, Jefferson Pilot contacted all eight children with regard to the remaining proceeds. Six of the seven children who were not named as beneficiaries of the policy signed Release and Relinquishment of Rights forms. (*Id.* at Exs. 8-13.) Shannon Anderson, however, wrote to Jefferson Pilot, stating that she "emphatically refuse[d] to release or relinquish any and/or all rights held by myself to any benefits that I am entitled to either by default or otherwise." (*Id.* at Ex. 14.)

Jefferson Pilot, a Nebraska corporation, thereafter initiated this action so that the Court could settle the conflicting claims between Shannon Anderson, a resident of Michigan, and Emma Anderson, a resident of Kansas. Shannon and Emma each acknowledged service of the summons and complaint, and their answers were due on June 4, 2007. (Dkts. 2, 3.) Neither Defendant filed an answer. On February 11, 2008, Judge Ludington discharged Jefferson Pilot from the case. (Dkt. 7.) The case was referred to the undersigned Magistrate Judge on February 26, 2008, for further pretrial proceedings. (Dkt. 8.)

On March 18, 2008, Defendants Emma Anderson and Shannon Anderson were notified to each submit to the Court a motion for disbursement of funds, including any relevant documentation, by April 18, 2008. (Dkt. 9.) Neither Defendant responded. On June 3, 2008, Defendants Emma S. Anderson and Shannon M. Anderson were ordered to show cause in writing

by June 18, 2008, why the case should not be decided on the basis of the documents currently on file.

On June 17, 2008, Defendant Emma M. Anderson filed a timely response to the show cause order. Emma states that all she can do is ask the Court to look at the documents that have been presented by the insurance company and "make a just decision." (Dkt. 11 at 5.) Defendant Shannon M. Anderson again did not respond.

**B. Discussion**

The group insurance enrollment form provided by Jefferson Pilot clearly shows "Emma Anderson, daughter," as the only beneficiary to the proceeds of the life insurance policy. Emma's sister, Shannon Anderson, has been provided with two opportunities to present evidence to support her claim that she is entitled to all or a portion of the funds, and has failed to do so. Because no evidence has been proffered that would place the validity of the beneficiary form in question, I suggest that judgment be entered for Emma Anderson and against Shannon Anderson.

**III. REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                s/ *Charles E Binder*
                                                CHARLES E. BINDER
Dated: July 30, 2008                        United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James E. Brenner, served on Emma Anderson at 621 S. Jefferson, #206, Junction City, KS, 66441-3798, by First-Class Mail, on Shannon Anderson at 2303 Lowell Ave., Saginaw, MI, 48601, by First-Class Mail, and served on U.S. District Judge Thomas Ludington in the traditional manner.

Dated: July 30, 2008         By    s/Mimi D. Bartkowiak
                                         Law Clerk to Magistrate Judge Binder